IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JIM K.,**  **Plaintiff,**  v.  **COMMISSIONER OF SOCIAL SECURITY,**  **Defendant.** | Case No. 3:19-CV-220-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff, who was awarded past-due Social Security disability benefits, moves the Court to approve counsel's request for attorney fees under 42 U.S.C. § 406(b). (Doc. 23). The Commissioner of Social Security opposes the motion, arguing the requested award of $39,263.50 is unreasonable. (Doc. 28). For the following reasons, the Court grants Plaintiff's motion. Plaintiff's attorney shall return to Plaintiff the $8,689.51 previously awarded under the Equal Access to Justice Act ("EAJA").

### BACKGROUND

In February 2019, Plaintiff's counsel filed this action seeking review of the Commissioner's denial of Plaintiff's application for Social Security disability benefits. (Doc. 1). Plaintiff and counsel had entered a contingency contract providing that counsel would receive attorney fees of 25 percent of any back benefits paid to Plaintiff. (Doc. 23-1). The agreement also assigned to counsel any attorney fees awarded pursuant to the EAJA. (*Id.*).

The Court found in favor of Plaintiff and reversed and remanded Plaintiff's claim

for rehearing before an Administrative Law Judge (ALJ). (Doc. 19). The ALJ later issued a decision in favor of Plaintiff and found him entitled to past-due benefits as of August 2014. (Doc. 23-2). The Social Security Administration (SSA) issued a Notice of Award and withheld $25,787.50, or 25 percent of Plaintiff's past-due benefits, for potential attorney fees. (*Id.* at p. 3). The SSA also awarded benefits to Plaintiff's dependent and withheld $13,476.00 of those past-due benefits for attorney fees. (Doc. 23-3).

Counsel now seeks this Court's authorization to collect the $25,787.50 and $13,476.00 that were withheld by the SSA, for a total of $39,263.50. However, because counsel must refund to Plaintiff the amount previously awarded to counsel under the EAJA, here, $8,689.51, the total amount of fees counsel seeks to collect is $30,573.99. Counsel also recognizes that he was paid $8,500 by the SSA under § 406(a) and notes that, when added together, the total attorney fee would be $39,073.99—or $189.51 less than 25 percent of the past-due benefits awarded to Plaintiff and Plaintiff's dependent.

## LEGAL STANDARD

The Seventh Circuit Court of Appeals recently summarized the key statutory provisions that govern the award of fees to those who successfully represent Social Security claimants in administrative and court proceedings. *O'Donnell v. Saul*, 983 F.3d 950, 952 (7th Cir. 2020).

First, 42 U.S.C. § 406(a) authorizes the SSA to award a reasonable fee to attorneys who successfully represent claimants in administrative proceedings before the Commissioner. *Id.*

Second, 42 U.S.C. § 406(b)(1) allows a federal district court to award a reasonable fee to an attorney who successfully represents a claimant in federal court, not to exceed

25 percent of the total past-due benefits to which the claimant is entitled. *Id.* While the language of § 406(b)(1) only refers to benefits to which a claimant is entitled, the Supreme Court has explained that counsel may include 25 percent of the claimant's dependent's past-due benefits in his requested fee. *Hopkins v. Cohen*, 390 U.S. 530, 534-35 (1968); *Linda G. v. Saul*, 487 F. Supp. 3d 743, 745 (N.D. Ill. 2020).

The 25 percent cap mandated in § 406(b)(1) applies only to representation provided before the federal district court and does not include any fees awarded by the SSA under § 406(a). *Culbertson v. Berryhill*, 139 S. Ct. 517, 522 (2019). Thus, an attorney may ultimately be awarded more than 25 percent of the past-due benefits when the awards under §§ 406(a) and (b)(1) are combined. *Id.*; *O'Donnell*, 983 F.3d at 952.

Finally, the EAJA provides that "a court may award reasonable fees and expenses of attorneys" to parties who prevail "in any civil action brought by or against the United States or any agency" thereof. 28 U.S.C. § 2412(b). Congress amended the EAJA in 1985 to clarify that if a claimant's attorney receives fees for the same work in federal court under both § 406(b)(1) and the EAJA, the attorney must refund to the claimant the amount of the smaller fee.[1] *Id.*

Ultimately, the attorney bears the burden of proving the fees requested are reasonable for the services rendered. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 n.17 (2002). Where the parties have a contingent fee agreement, § 406(b) controls, but does not displace the agreement as the primary means by which fees are set for successfully

---

[1] This is because 42 U.S.C. § 406(b)(2) makes it a misdemeanor for an attorney to charge, demand, receive, or collect a fee for court representation in excess of the 25 percent of past-due benefits permitted under § 406(b)(1). *Id.* This led to attorneys fearing they were committing a misdemeanor under § 406(b)(2) by collecting EAJA fees and court fees under § 406(b)(1). *Id.*

representing the claimant in federal court. *Id.* at 807. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. *Id.* A reduction may be appropriate where an attorney provided substandard representation, where the attorney is responsible for a delay and would profit from the accumulation of benefits during the pendency of the court case, or where the amount requested would be a windfall to the attorney in light of the time and effort expended. *Id.* at 808.

## DISCUSSION

The Commissioner does not take issue with the quality of counsel's work in this case, nor does he allege counsel created a delay that allowed him to profit from the accumulation of benefits. Instead, the Commissioner's sole argument is that the requested fee is unreasonable in light of the time and effort counsel put forth.[2]

The Commissioner first argues counsel's requested fees are unreasonably high when comparing the fees to other fee awards granted in the Southern District of Illinois in the past five years and asserts that no other cases come close to the $39,263.50 sought by counsel. The Commissioner refers to awards of $32,242 and $29,738.38 approved in Southern District cases in 2018 and 2020. *See Spencer v. Commissioner of Social Security*, No. 15-cv-1319-JPG-CJP, 2018 WL 3819090, at *1 (S.D. Ill. Aug. 10, 2018); *Austin v. Commissioner of Social Security*, No. 3:18-cv-00091-DGW, ECF No. 40, at 3 (S.D. Ill. Feb. 20, 2020). The Court is not persuaded by this argument. The Commissioner gives no explanation as to why he limited his search in that manner, or why awards in other cases

---

[2] While the Commissioner has no direct stake in the § 406(b)(1) fee request, he "plays a part in the fee determination resembling that of a trustee for the claimants." *Id.* at 798, n. 6.

are relevant at all. Furthermore, the examples cited by the Commissioner are not so different that this case seems extreme by comparison. For example, in *Spencer*, the fee award of $32,242 came only from the plaintiff's past-due benefits. Here, only $25,787.50 was withheld from Plaintiff's past-due benefits; the remainder of the fee arises from Plaintiff's dependent's past-due benefits. The Court, therefore, sees no issue with the amount of fees on this basis.

The Commissioner next claims the fee is excessive when considering the number of hours counsel reported working on this case. In his reply, Plaintiff provided counsel's timesheets, which show that he worked 44.5 hours on the federal district court case. He also spent 35.88 hours representing Plaintiff at the administrative level. (Doc. 30). Counsel combines these numbers to argue he worked a total of 80.38 hours at $484.78 per hour. The Court notes, however, that the fees at issue here are only for the work performed in federal court. Thus, the proper calculation is to divide the requested $39,263.50 by 44.5 for a total of $882.33 per hour.

The Court acknowledges this is a high hourly fee when compared to similar rates approved within this district. The Court also recognizes, however, that this amount is inflated due to the additional award of benefits to Plaintiff's dependent. If not for the dependent award, counsel's hourly fee would be a more reasonable $579.49. And in any event, "the Supreme Court held in *Gisbrecht* that analysis of an hourly rate determined under a lodestar approach is only one mechanism (and not the primary one for attorney fee awards under 42 U.S.C. § 406(b)) for gauging reasonableness, along with other factors such as 'the character of the representation and the results the representative achieved.'" *David D. v. Saul*, No. 17 C 6822, 2020 WL 6747008, at *4 (N.D. Ill. Nov. 17, 2020) (quoting

*Gisbrecht*, 507 U.S. at 807-08).

To that end, the Commissioner argues that he is unaware of any significant additional work or risk taken to secure benefits for Plaintiff's dependent and asserts the Court should scrutinize the reasonableness of the fee in light of those facts. The Commissioner goes so far as to suggest the Court deduct the attorney fee allocated from the dependent's past-due benefits. But as in *David D.*, "the work performed by counsel conferred significant benefit on both Claimant and his dependent child." *David D.*, 2020 WL 6747008, at *4 (N.D. Ill. Nov. 17, 2020). And, as noted above, the Supreme Court has held that an attorney fee award in a Social Security disability case properly can and should be based upon the benefits awarded to the claimant and to the claimant's dependents. *Hopkins*, 390 U.S. at 534-35. Thus, the Court will not reduce counsel's fee on account of the auxiliary benefits he secured for Plaintiff's dependent.

The Court further declines to reduce counsel's award simply because, as the Commissioner alleges, it is based on Plaintiff's strong earnings history rather than any specific efforts undertaken by counsel. The Commissioner, while admitting he has no issue with the quality of counsel's work, asserts that counsel's main activity in the matter appears to be the summary judgment motion and memorandum, which totaled 25 pages—or $1,570 per page. That summary judgment motion, however, was successful and led to Plaintiff receiving not only past-due benefits but also $342,260 of future benefits and Medicare coverage. The Court further observes that the memorandum prepared by counsel demonstrates his extensive knowledge of both the medical record and Social Security disability law.

Finally, the Commissioner argues that counsel's fee of $39,263.50, when added to

$8,500 previously awarded under 42 U.S.C, § 406(a), exceeds 25 percent of the past-due benefits and is, thus, unreasonable. This argument is not well taken. The Supreme Court held in *Culbertson* that the 25 percent cap only applies to fees for representation before the district court, not before the SSA. *Culbertson*, 139 S.Ct. at 522. Therefore, when combining the §§ 406 (a) and (b) fees, the amount may very well exceed 25 percent of the past-due benefits. *Id.* Additionally, while the Commissioner argues that the reasonableness of a fee must be determined before deducting the amount of the EAJA award, the Court still finds that the full $39,263.50 is reasonable based on the time and effort expended by counsel, the excellent result received for Plaintiff and his dependent, the amount of the past-due benefits, and the value of the projected benefits. The fact that $8,689.51 of that amount will be refunded to Plaintiff makes the fee, for all practical purposes, that much more reasonable.

## CONCLUSION

For these reasons, Plaintiff's Petition for Authorization for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 23) is **GRANTED**. Counsel is **AWARDED** an attorney fee of $39,263.50. Counsel **SHALL** refund to Plaintiff the EAJA fees of $8,689.51.[3]

**IT IS SO ORDERED.**

DATED:   October 21, 2021

_____
NANCY J. ROSENSTENGEL
**Chief U.S. District Judge**

---

[3] As noted by the Commissioner, the Seventh Circuit has recently indicated its "disapproval" of the netting method proposed by counsel in this case in light of the EAJA Savings Provision's language anticipating a direct attorney-to-claimant refund. *See O'Donnell*, 983 F.3d at 957.